IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BILLIE J. MANCELL**,

    Plaintiff,

vs.                                                          Civ. No. 12-569 JCH/CG

**SECRETARY OF THE ARMY LEON PANETTA**,

    Defendant.

### **MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT**

**THIS MATTER** comes before the Court on pro se Plaintiff Billie J. Mancell's application seeking authorization to proceed *in forma pauperis* ("IFP") with this litigation, *i.e.*, without prepaying costs or filing fees (hereinafter "motion to proceed IFP"), *see* Doc. 4, and on the Court's concomitant obligation "to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim, it must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory).

**I.**       **Applicable Legal Standards**

In screening Mancell's Complaint under § 1915(e)(2)(B), the Court resolves the issue of whether it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In the wake of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the more recent case of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), courts must carefully scrutinize a plaintiff's complaint to determine if an actionable claim is asserted. In *Twombly*, the Court noted that the pleading standard of FED. R. CIV. P. 8 does not require "detailed factual allegations," 550 U.S. at 555, but the Rule demands more than an unadorned "the defendant-unlawfully-harmed-me" account, *see Iqbal*, 556 U.S. at 678. The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ." *Id.* (internal quotation marks omitted). These, the Court stated, "will not do." *Id.* (internal quotation marks omitted). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. (internal quotation marks and bracket omitted). In *Iqbal*, the Supreme Court noted:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement" but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (internal citations omitted).

The courts should take a two-step approach in determining whether a complaint states a claim upon which relief may be granted. First, it "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 680. Then it only "consider[s] the

factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681; *see id.* at 686 (rejecting the plaintiff's argument that he sufficiently stated a claim for relief by generally alleging that the defendants "discriminated against him 'on account of [his] religion, race, and/or national origin and for no legitimate penological interest,'" and stating, "[w]ere we required to accept this allegation as true, respondent's complaint would survive petitioners' motion to dismiss. But the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.") (citations omitted).

**II.     Mancell has failed to allege sufficient facts to state a cognizable federal claim.**

Mancell's Complaint must be dismissed for failure to state a cognizable federal claim. Mancell sues her former employer, the Department of the Army. The "allegation" section of her Complaint, however, is devoid of factual allegations except that she began work there in 2005. *See* Doc. 1 at 2. In Count One, she states that unnamed individuals discriminated against her by "subjecting her to a hostile work environment" which is a legal conclusion. She also alleges discrimination because unnamed individuals gave "her a poor performance rating, by denying her a bonus, and by terminating [her]." Compl. at 2. But none of those employment actions, in and of themselves, are indicative of discrimination.

Count II states that unnamed individuals retaliated against her "for opposing discriminatory practice[s] in the workplace," but again, Mancell fails to allege what practices she opposed and when she opposed them, and who knew of her opposition and took adverse action. Setting out the adverse employment actions, standing alone, does not state a claim for discrimination in violation of Title VII under the standards set forth in *Iqbal*. *See* 42 U.S.C. § 2000e-2(a) (providing that a Title VII plaintiff must show that she has been discharged "*because of* such individual's race, color, religion, sex, or national origin") (italics added). The Court can not and "will not supply additional

facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989); *cf. Leo v. Garmin Int'l, Inc.*, No. 10–3146, 431 Fed. App'x 702, 704, 2011 WL 2908949, *1 (10th Cir. July 21, 2011) (affirming dismissal of Title VII case where the "charge filed with the EEOC in June 2008 never mentioned or laid out the factual predicate for claims of disparate impact or discrimination under Title VII," thereby causing the district court to lack "jurisdiction to entertain those claims") (unpublished).

The Court will deny Mancell's motion to proceed IFP and dismiss this case without prejudice. *See Brown v. Beck*, No. 06-4088, 203 Fed. App'x 907, 910-11 (10th Cir. Aug. 1, 2006) (unpublished) ("[D]ismissal without prejudice is not an extreme sanction because the remedy is simply to cure the defect and refile the complaint. Thus, [a plaintiff who has been denied permission to proceed IFP] can initiate a new action by refiling his complaint and either paying the full filing fee at the start of the litigation or successfully applying to proceed IFP and then complying with the district court's fee orders."). If Mancell chooses to amend her complaint and to file a new motion to proceed IFP that gives current financial information, she must specify the dates that an allegedly wrongful or unlawful event and injury occurred, explaining what happened and who was involved. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("a district court might helpfully advise a pro se litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").

**IT IS ORDERED** that Mancell's motion to proceed IFP (Doc. 4) is DENIED and that her Complaint is DISMISSED without prejudice.

_____
UNITED STATES DISTRICT JUDGE